UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TAJ NA JEE ULLAH,

    Plaintiff,

v.                          Case No. 4:18-cv-350-RH/MJF

DELGADO-PAGAN and G. COBB,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Defendants Dr. Delgado-Pagan and G. Cobb have moved to dismiss Plaintiff Taj Na Jee Ullah's section 1983 action for failure to failure to state a claim upon which relief can be granted. (Doc. 23). Plaintiff filed a response in opposition. (Doc. 25). For the reasons set forth below, the undersigned recommends that Defendants' motion to dismiss be granted and that Plaintiff's claims against Cobb and Delgado-Pagan be dismissed.[1]

**I.  Procedural History**

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 and alleged a violation of his Eighth Amendment rights. (Doc. 1). Plaintiff named three

---

[1] This case was referred to the undersigned to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Defendants: Doctor Delgado-Pagan, Health Services Administrator Cobb, and Centurion—a company that provides healthcare services in Florida prisons. Magistrate Judge Gary R. Jones directed the Marshals Service to serve Plaintiff's complaint on Defendants Delgado-Pagan and Cobb, but Judge Jones found that Plaintiff's complaint against Centurion failed to state a claim and dismissed Centurion. (Doc. 4).

After service, Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim on which relief can be granted. (Doc. 22). The undersigned noted deficiencies with Plaintiff's complaint which possibly could be corrected in an amended complaint. (Doc. 27). The undersigned, therefore, provided Plaintiff an opportunity to amend his complaint and correct these deficiencies. (*Id.*). Despite being afforded this opportunity, Plaintiff elected not to amend his complaint. (*See* Doc. 28, 29). Therefore, the operative pleading is Plaintiff's original complaint.

## II.   Plaintiff's Allegations

The relevant facts are taken from Plaintiff's complaint and attached exhibits. For purposes of the Defendants' motion to dismiss, the undersigned has presumed that Plaintiff's allegations are true. On January 4, 2018, Dr. Delgado-Pagan examined Plaintiff after he complained of ankle pain and swelling. (Doc. 1 at 5). Sometime between January 4, 2018, and February 14, 2018, an x-ray image was

taken of Plaintiff's ankle.² At the time the x-ray image was taken, there was no swelling of the ankle. (*Id.* at 27).

On February 14, 2018, Dr. Delgado-Pagan explained to Plaintiff that the x-ray image indicated that Plaintiff suffered from a bone spur.³ (*Id.*). Dr. Delgado-Pagan prescribed ibuprofen—a nonsteroidal anti-inflammatory drug ("NSAID")—to address the pain and any swelling. (*Id.*). Plaintiff alleges that, at some point, Dr. Delgado-Pagan refused to see him. (Doc 1 at 15). Plaintiff's exhibits show that Plaintiff was referred to Dr. Delgado-Pagan on more than one occasion, however. (*Id*. at 26) ("on March 26, 2018 I tried to seek help but was again [referred] to Dr. Delgado-Pagan") (spelling corrected). Regardless, on or before March 24, 2019, unspecified medical personnel gave Plaintiff an injection to reduce the swelling, which successfully caused any swelling to subside. (*Id.* at 27). On or before April 18, 2018, Dr. Delgado-Pagan also prescribed a medical insole for Plaintiff's shoe. (*Id.* at 15).

On April 18, 2018, Plaintiff filed an informal grievance in which he complained that ibuprofen upset his stomach. (*Id.* at 6, 15). In responding to

---

² Plaintiff does not indicate the date that he was referred for x-ray imaging. He also does not indicate when this x-ray imaging occurred.

³ In his complaint, Plaintiff alleged that he suffered from "a bone spur." (Doc. 1 at 5). In one of his grievances, he complained that he "was diagnosed with bone spurs in my left ankle." (Doc. 1 at 17).

Plaintiff's informal grievance, Cobb denied Plaintiff's grievance and "did absolutely nothing." (*Id.* at 6). Between April 18, 2018, and May 7, 2018, a medical provider—presumably Dr. Delgado-Pagan—prescribed a different medication to address Plaintiff's pain and his objection to ibuprofen. (*Id.* at 15-16).[4]

On June 8, 2018, Plaintiff filed an inmate sick call and inquired whether any medicine would treat a bone spur. (Doc. 1 at 29). Nurse Greene responded and indicated that there was no medication that would eradicate a bone spur. Nurse Greene, however, indicated that taking an NSAID would reduce inflammation. (*Id.*). Nurse Greene also advised Plaintiff that losing weight and using warm and cold compresses could alleviate the pain. (*Id.*).

Plaintiff asserts that Dr. Delgado-Pagan's actions violated his constitutional rights because Dr. Delgado-Pagan told Plaintiff a surgical shaving of a bone spur was the only way to "get rid of" the spur. (*Id.* at 5-6). Plaintiff argues, therefore, that Dr. Delgado-Pagan's treatment of Plaintiff constituted deliberate indifference to his bone spur insofar as Dr. Delgado-Pagan did not perform surgery. Likewise, Plaintiff contends that Cobb's denial of his grievance constituted deliberate indifference to his serious medical need.

---

[4] Plaintiff does not allege who changed his medication, but it appears that Dr. Delgado-Pagan was the one who did so. (Doc. 1 at 16).

## III. Rule 12(b)(6) Standard

Motions to dismiss for failure to state a claim are governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on a motion to dismiss under Rule 12(b)(6), the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *See Davis v. Monroe Cty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).

A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Courts hold a *pro se* complaint to "less stringent standards than formal pleadings drafted by

lawyers" and accordingly construe it "liberally." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (citation omitted).

## IV. Discussion

Defendants argue that Plaintiff failed to state a claim of deliberate indifference to a serious medical need. (Doc. 23 at 5-7).[5]

"The treatment a prisoner receives in prison and the conditions under which he is confined" is governed by the Eighth Amendment. *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003) (citing *Helling v. McKinney*, 509 U.S. 25, 31, 113 S. Ct. 2475, 2480 (1993)). The Eighth Amendment prohibits infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. Under the Eighth Amendment, "'when the State takes a person into custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being.'" *Helling*, 509 U.S. at 32, 113 S. Ct. at 2480 (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, 489 U.S. 189, 199-200, 109 S. Ct. 998, 1005-06 (1989)).

The Supreme Court has held that a "prison official's 'deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'" *Farrow*, 320 F.3d at 1243

---

[5] Defendants also argue that Plaintiff failed to exhaust his administrative remedies, but they did not carry their burden of establishing that affirmative defense.

(quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976) (quotation marks and citations omitted). In other words, because an inmate "must rely on prison authorities to treat his medical needs," prison officials have an "obligation to provide medical care" for inmates, and failure to meet that obligation can constitute a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 103, 97 S. Ct. at 290; *see West v. Atkins*, 487 U.S. 42, 56, 108 S. Ct. 2250, 2259 (1988) (noting that a state has "an affirmative obligation to provide adequate medical care" to prisoners). But "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Farrow*, 320 F.3d at 1243 (quoting *McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted)).

To prevail on an Eighth Amendment claim of deliberate indifference to a serious medical need, a plaintiff must show:

(1) he had a serious medical need;

(2) the defendant was deliberately indifferent to that need; and

(3) there is a causal connection between the defendant's act or omission and the constitutional deprivation.

*Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016); *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009); *Rodriguez v. Sec'y, Dep't of Corr.*, 508 F.3d 611, 625 (11th Cir. 2007); *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). This standard includes an objective component—"that the deprivation was

serious enough to constitute cruel and unusual punishment"—and a subjective component—deliberate indifference. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012); *Taylor*, 221 F.3d at 1257. Thus, courts "considering a prisoner's claim must ask both if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 999 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 303, 111 S. Ct. 2321, 2324, 2326 (1991)).

### A. The Existence of a Serious Medical Need

Because "society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson*, 503 U.S. at 9, 112 S. Ct. at 1000 (quoting *Estelle*, 429 U.S. at 103–04, 97 S. Ct. at 290-91). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)); *Mann*, 588 F.3d at 1307. In either of those cases, the medical need is serious if it is "one that, if left unattended, 'pos[es] a substantial risk of harm.'" *Farrow*, 320 F.3d at 1243 (citing *Taylor*, 221 F.3d at 1258); *Mann*, 588 F.3d at 1307.

Plaintiff alleges that his bone spur constituted a serious medical need because it caused swelling and pain, and it made standing and walking difficult. A number of courts have held that bone spurs can constitute a serious medical need. *See e.g.*, *Ross v. Corizon Med. Servs.*, 700 F. App'x 914, 916 (11th Cir. 2017); *Barker v. Brantley Cty., Georgia*, 832 F. Supp. 346, 352 (S.D. Ga. 1993), *aff'd*, 19 F.3d 37 (11th Cir. 1994) (citing *Speed v. Adams*, 502 F. Supp. 426, 428 (E.D. Ark. 1980)). Because this court must assume that Plaintiff's allegation are true, Plaintiff has alleged the existence of a serious medical need.

### B. Failure to Allege Facts Indicating that Dr. Delgado-Pagan was Deliberately Indifferent to a Serious Medical Need

A plaintiff must set forth sufficient facts indicating that a defendant was deliberately indifferent to the plaintiff's serious medical need. *Hudson*, 503 U.S. at 5, 112 S. Ct. at 998; *Estelle*, 429 U.S. at 104, 97 S. Ct. 291; *Burley v. Upton*, 257 F. App'x 207, 210 (11th Cir. 2007); *Taylor*, 221 F.3d at 1258. Deliberate indifference is a higher standard than simple negligence and entails three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow*, 320 F.3d at 1245 (citing *McElligott*, 182 F.3d at 1255); *Goebert v. Lee Cty.*, 510 F.3d 1312, 1327 (11th Cir. 2007) (citing *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005)); *Goodman v. Kimbrough*, 718 F.3d 1325, 1331–32 (11th Cir. 2013). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier

but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (citing *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004)); *see also Farmer v. Brennan*, 511 U.S. 824, 839, 114 S. Ct. 1980 (1994) (defining deliberate indifference as conduct that is reckless; that evinces a knowing, conscious disregard). "An official disregards a serious risk by more than mere negligence 'when he or she knows that an inmate is in serious need of medical care, but he or she fails or refuses to obtain [or intentionally delays] medical treatment for the inmate.'" *Nam Dang v. Sheriff, Seminole Cty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (citations omitted).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. *Harris v. Coweta*, 21 F.3d 388, 393 (11th Cir. 1994). But "where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). In other words, a mere difference in a medical opinion between a doctor and an inmate as to the inmate's diagnosis or course of treatment does not establish deliberate indifference. *Id.* at 1505; *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (holding that

when an inmate receives medical treatment but desires a different mode of treatment, the care provided does not amount to deliberate indifference). Thus, "[w]hen an inmate has, in fact, received medical treatment, there will be a violation of the Eighth Amendment, only when the treatment was 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* An inadvertent failure to provide adequate medical care, negligence, or a difference of opinion over proper medical treatment, all are insufficient to constitute an Eighth Amendment violation. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 1084 (1986) (noting that deliberate indifference requires "obduracy and wantonness" not "inadvertence or error in good faith"); *Estelle*, 429 U.S. at 105-07; *Mann*, 588 F.3d at 1307.

Here, Plaintiff does not allege a complete denial of medical treatment. Rather, he simply disagrees with the selection of treatment options made by Dr. Delgado-Pagan. Plaintiff has not alleged facts indicating that the medical treatment he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris*, 941 F.2d at 1505. Although Plaintiff alleges that the only "cure" for a bone spur is a surgical extraction or "shaving" of the spur, this does not mean that surgery is the only acceptable treatment in his case.

According to the allegations in Plaintiff's complaint, Dr. Delgado-Pagan promptly made efforts to address Plaintiff's bone spur short of surgery. Plaintiff conceded in his complaint that Dr. Delgado-Pagan: examined Plaintiff, referred Plaintiff for an x-ray image of his bone spur, provided an injection to reduce the swelling in Plaintiff's ankle, prescribed an NSAID for pain and swelling, changed the pain medication when Plaintiff complained the NSAID was making him ill, and prescribed a medical insole for one of Plaintiff's shoes. (Doc. 1 at 5-6, 15-16, 27).

Another member of the medical staff advised Plaintiff of two additional means of addressing the pain caused by the bone spur: weight loss and the use of a warm and cold compresses. (Doc. 1 at 29). During at least one medical examination—conducted around the time the x-ray images were taken—Plaintiff did not have swelling in the affected ankle, which indicates that treatment short of surgery had some efficacy at least with respect to the swelling. (*Id.* at 27). Plaintiff has not alleged that the course of treatment chosen by Dr. Delgado-Pagan was contrary to his medical judgment or that surgery is the only treatment reasonable under the circumstances.

Although the Eighth Amended requires reasonable medical care for inmates, it does not require prison medical personnel to cure or completely alleviate a medical condition. *See Lucky v. Ward*, No. G-05-166, 2008 WL 4463639, at *5 (S.D. Tex. Sept. 25, 2008) (holding that plaintiff failed to state a claim when he alleged that the

doctor-defendant did not provide a cure for his medical conditions but did provide treatment). Furthermore, the Eighth Amendment does not preclude physicians from trying alternative courses of treatment and not immediately resorting to surgery. *See Campbell v. Brown*, 756 F. App'x 386, 389 (5th Cir. 2018) (holding that plaintiff failed to demonstrate that the prison's medical staff's decision not to pursue a surgical treatment constituted deliberate indifference); *Egberto v. Nevada Dep't of Corr.*, 678 F. App'x 500, 504 (9th Cir. 2017) (holding that failure to provide surgery did not constitute a violation of the Eighth Amendment where there was no showing of medical necessity); *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (noting that it is sometimes reasonable to attempt treatment short of surgery, and thus the decision not to resort to surgery in the first instance is not a violation of the Eighth Amendment).

Taken in the light most favorable to Plaintiff, the facts do not indicate that Dr. Delgado-Pagan was deliberately indifferent to Plaintiff's bone spur. Rather the facts indicate that Plaintiff preferred a different course of treatment than that chosen by Dr. Delgado-Pagan. Selection of a course of treatment is a "classic example of a matter for medical judgment" and, therefore, is not an appropriate basis for liability under the Eighth Amendment and fails to state a claim for relief. *See Estelle*, 429 U.S. at 107; 97 S. Ct. at 293; *Hamm*, 774 F.2d at 1575; *Harris*, 941 F.2d at 1505. Plaintiff does not allege that Dr. Delgado-Pagan's decision to pursue a conservative

treatment approach was motivated by some factor other than Defendant's own medical judgment or was caused by more than negligence. Thus, Plaintiff's allegations are insufficient to state a claim for deliberate indifference to a serious medical need regarding Dr. Delgado-Pagan.

### C. Failure to Allege Facts Indicating that Cobb Was Deliberately Indifferent to a Serious Medical Need

Plaintiff's allegations against Cobb also fail to state a claim of deliberate indifference. Plaintiff has not alleged that Cobb was personally involved in denying Plaintiff surgery or any other form of medical care. Rather, Plaintiff asserts only that Cobb denied Plaintiff's informal grievance when Plaintiff complained that he was denied a surgical remedy.

A prison official's mere participation in a grievance procedure is not sufficient for liability under section 1983. *See Snyder v. Harris*, 406 F. App'x 313, 318 (10th Cir. 2011) (noting that the plaintiff's allegation that the defendant-nurse denied a grievance is "'not personal participation' that will support a cause of action under § 1983") (quoting *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983") (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *Lomholt v. Holder*, 287 F.3d 683, 683 (8th Cir. 2002) (holding that defendants' denial of plaintiff's grievances did not state a substantive constitutional

claim). Because Plaintiff's sole allegation regarding Cobb is that he denied Plaintiff's informal grievance, Plaintiff has failed to state a claim of deliberate indifference to a serious medical need regarding Cobb.

### D. Plaintiff's Official Capacity Claim

Defendants also argue that Plaintiff's official capacity claims against Dr. Delgado-Pagan and Cobb should be dismissed. (Doc. 23 at 8).

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105 (1985) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S 658, 690 n.55, 98 S. Ct. 2018, 2035 n.55 (1978)); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Thus, in a section 1983 action "a claim against a defendant in his official capacity is the same as a claim against his employer." *Christman v. Saint Lucie Cty., Fla.*, 509 F. App'x 878, 879 (11th Cir. 2013) (citing *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 785 n.2, 117 S. Ct. 1734, 1737 n.2 (1997)); *Humphrey v. United States Dep't of Homeland Sec.*, 681 F. App'x 797, 798 (11th Cir. 2017).

Unlike personal liability in a section 1983 claim, "a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation . . . thus, in an official capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166, 105 S.

Ct. at 3105 (citations omitted). In other words, a plaintiff must show that: (1) his constitutional rights were violated; (2) there was a custom or policy that constituted deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); *Buckner*, 116 F.3d at 453 (noting that "the *Monell* policy or custom requirement applies in suits against private entities performing functions traditionally within the exclusive prerogative of the state, such as the provision of medical care to inmates.").

Plaintiff asserts that Centurion employed the Defendants. Plaintiff's Eighth Amendment official capacity claim against the Defendants, therefore, is essentially a claim against Centurion. Plaintiff does not allege that Centurion has a custom or policy that violated his constitutional rights. In fact, the only allegation in Plaintiff's complaint regarding Centurion is that it employed both Defendants. Because Plaintiff fails to identify any custom or policy of Centurion that led to a violation of his constitutional rights, his Eighth Amendment official capacity claims also should be dismissed.

**V.     Conclusion**

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Defendant's Motion to Dismiss, (Doc. 23), be **GRANTED.**

2. Plaintiff's claims against Defendants Cobb and Delgado-Pagan be **DISMISSED** with prejudice.

3. The clerk of the court be directed to close the case file.

At Panama City, Florida this 14th day of February, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.