IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TAJ NA JEE ULLAH,

    Plaintiff,

v.                                          CASE NO. 4:18cv350-RH/MJF

DR. DELGADO PAGAN,
CENTURION, and
G. COBB,

    Defendants.

_____/

## ORDER OF DISMISSAL

The plaintiff suffered bone spurs while a prisoner in the Florida Department of Corrections. He was treated but not referred for surgery. He asserts surgery is the only way to eliminate bone spurs and that the failure to provide surgery thus violated the Eighth Amendment.

The plaintiff filed this action against three defendants: the treating physician Dr. Delgado-Pagan; the Department's contracted medical provider, identified in the complaint only as Centurion; and a health services administrator, G. Cobb.

The magistrate judge screened the complaint, noted the dearth of allegations against Centurion, and directed service of process only on Dr. Delgado-Pagan and Mr. Cobb. They have moved to dismiss. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 31, which concludes the case should be dismissed without further leave to amend. No objections have been filed.

A prison doctor or official violates the Eighth Amendment when the doctor or official is deliberately indifferent to a prisoner's serious medical need. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976). An employing corporation like Centurion can be held liable if the refusal to provide appropriate treatment stems from a corporate policy. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that an employing entity—there a city—could be held liable under § 1983 for an official's constitutional violation only if the violation was based on the entity's policy or custom or if the official was one whose edicts or acts could fairly be said to represent official policy).

That surgery is the only way to remove bone spurs does not mean that surgery is the only, or even the best, treatment. Many conditions are best treated conservatively, even when surgery provides the only chance of a complete cure. The complaint alleges that Dr. Delgado-Pagan and Mr. Cobb did not arrange surgery for the plaintiff, but this, without more, is not a sufficient allegation of

Case No. 4:18cv350-RH-MJF

deliberate indifference. Further, the complaint does not allege that the decision not to arrange surgery resulted from a Centurion policy or custom or that either Dr. Delgado-Pagan or Mr. Cobb was a person whose edicts or acts could fairly be said to represent official Centurion policy. The complaint thus fails to state a claim on which relief can be granted against any of the three defendants.

In circumstances like these, a plaintiff is ordinarily given leave to amend a complaint to cure the deficiencies. The magistrate judge's order of December 31, 2019 explained the deficiencies and directed the plaintiff to file an amended complaint. ECF No. 27. But the service copy of the order was returned to the clerk of court undelivered; the plaintiff did not receive it. ECF No. 28. Similarly, the service copy of the report and recommendation was returned undelivered. ECF No. 32.

As it turns out, the plaintiff had been released from the Department of Corrections on November 14, 2019, at least according to the Department's website. The plaintiff did not file an amended complaint, but he apparently did not know he had been directed to do so.

The plaintiff knows how to file a notice of a change of address. He did it previously in this case, when he was moved from one Department of Corrections facility to another. ECF No. 26. After his release from custody, though, the

plaintiff did not file a notice of the change of address. And he still has not done so. This probably indicates the plaintiff has chosen to abandon the case.

In any event, dismissal without further delay is now appropriate, for two reasons. First, the fault for not updating his address lies entirely with the plaintiff. The court has no way to contact the plaintiff and no reason to believe this will change in the near future, if ever. Second, the likelihood that the plaintiff could amend to cure the complaint's deficiencies—that he could allege in good faith that the failure to arrange surgery resulted from deliberate indifference—is low.

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted and adopted as the court's opinion. The clerk must enter judgment stating, "The complaint is dismissed." The clerk must close the file.

SO ORDERED on March 4, 2020.

> s/Robert L. Hinkle
> United States District Judge

Case No. 4:18cv350-RH-MJF